# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:22-cr-15 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| KATIE KITCHEN | ) | Magistrate Judge Steger |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Katie Kitchen's Pro Se Motion for Compassionate Release [Doc. 77]. Defendant asks the Court, pursuant to 18 U.S.C. § 3582(c), to order her release from custody. For the reasons explained below, Defendant's motion will be **DENIED**.

## I.    FACTUAL BACKGROUND

On May 24, 2022, Defendant Katie Kitchen was indicted on numerous gun and drug-related charges. [Doc. 1]. Defendant eventually pled guilty to three of the charges: making false statements to purchase a firearm from a federal firearms licensee; knowingly selling or transferring a firearm to a convicted felon; and possession with intent to distribute methamphetamine. [Doc. 42 at 1–2]. As recited in the plea agreement, Defendant purchased twenty-three firearms in less than two years and transferred at least eight of them to Robtaevious Hewlett, who Defendant knew to be a convicted felon. [*Id.* at 4–5]. Law enforcement also discovered 56.37 grams of methamphetamine, 13.8 grams of powder cocaine, and 18.72 grams of crack cocaine during a search of Defendant's vehicle. [*Id.* at 4].

The Court accepted the plea agreement and calculated a guideline range of 57 to 71 months of imprisonment. [Doc. 72 at 1]. At sentencing, the Court granted Defendant's motion for a variance and sentenced her to 28 months of imprisonment. [*Id.* at 3; Doc. 71 at 2]. Defendant's Pro Se Motion for Compassionate Release followed.

## II.    STANDARD OF REVIEW

Three things must be true before a district court can grant a motion for compassionate release. First, "extraordinary and compelling reasons" must support the sentence reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Second, the sentence reduction must be consistent with the Sentencing Commission's applicable policy statements. *Id.* Third, the factors enumerated in 18 U.S.C. § 3553(a), to the extent they are applicable, must support the sentence reduction. *Id.* District courts may deny motions for compassionate release "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519 (citing *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020)).

## III.    ANALYSIS

Defendant seeks compassionate release based on her family and medical circumstances. Her request stems from concerns regarding the care of her elderly grandmother and minor children. [Doc. 77 at 1–2]. In addition, Defendant claims the Bureau of Prisons provided inadequate medical care after she fractured her foot from a fall. [*Id.* at 3]. Defendant's request for compassionate release is misplaced because she has failed to demonstrate extraordinary and compelling reasons for her release, and the § 3553(a) factors counsel against granting relief. The Court will address each of these issues below.

### A.    Extraordinary and Compelling Reasons

The Sentencing Commission recently amended its policy statement defining those "extraordinary and compelling reasons" that support compassionate release. The policy statement, reflected in U.S.S.G. § 1B1.13(b), first took effect on November 1, 2023. *United States v. Mann*, No. 24-5215, 2024 WL 4109397, at *2 n.1 (6th Cir. Aug. 16, 2024). Relevant here, the policy

statement explains that a defendant's family circumstances may provide extraordinary and compelling reasons for compassionate release. These family circumstances include when "the caregiver of the defendant's minor child" dies or is incapacitated, or when "the defendant would be the only available caregiver" for her incapacitated child, parent, grandparent, or other immediate family member. U.S.S.G. § 1B1.13(b)(3), p.s. (2024).

Defendant claims that her grandmother has been placed in a nursing home because no other family member came forward to claim responsibility for her. [Doc. 77 at 1]. This situation does not meet the policy statement's definition of "extraordinary and compelling reasons" for compassionate release. Defendant indicates that her grandmother is in fact receiving care, albeit in a nursing home. Thus, Defendant's motion makes clear that she is not "the only available caregiver" for her grandmother. U.S.S.G. § 1B1.13(b)(3)(D), p.s. (2024).

The same is true of Defendant's minor children. Defendant has three minor children, and her elderly aunt has assumed responsibility for their care. [Doc. 77 at 2]. According to Defendant, her aunt has "openly and officially declared that she is no longer able or capable of providing care, custody, and housing for the children." [*Id.*]. Nowhere in Defendant's motion does she state that her aunt stopped providing care to her minor children, only that she plans to do so at some point in the future. Regardless, Defendant offers no documentation that sheds light on her children or grandmother's current caretaking situations, a deficiency which alone provides grounds to deny the motion. *See Elias*, 984 F.3d at 520 (explaining that the district court could have denied the defendant's motion for compassionate release solely because she produced no records to support her claims). Neither family circumstance Defendant identifies, between her grandmother's placement in a nursing home and her children being at risk of losing their caretaker, constitutes extraordinary and compelling reasons to support her compassionate release.

3

Beyond family circumstances, Defendant points to her own medical circumstances as grounds for compassionate release. The Sentencing Commission's policy statement identifies certain medical circumstances that can provide extraordinary and compelling reasons for a defendant's compassionate release from custody. Extraordinary and compelling reasons will exist, for example, if a defendant is "suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B), p.s. (2024). Another qualifying circumstance occurs when a defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* at § (b)(1)(C).

Defendant contends, and medical records confirm, that she fractured her foot while descending from her bed on the top bunk. [Doc. 77 at 5; Doc. 88 at 24]. Defendant claims that the Bureau of Prisons has failed to secure preventative measures and provide adequate medical care. [Doc. 77 at 3]. Defendant's narrative does not establish extraordinary and compelling reasons to justify compassionate release. Beyond needing to rely on crutches and a walking boot, nothing suggests Defendant's ability to care for herself has been substantially diminished, or that she is at risk of serious deterioration in health. To the contrary, medical records suggest that Defendant underwent numerous evaluations and "will eventually make a full recovery." [Doc. 88 at 93]. The aftermath of Defendant's foot fracture fails to support her request for relief.

Defendant also takes issue with her conditions of confinement. She alleges that the Bureau of Prisons has provided inadequate medical care, shelter, and dining halls. [Doc. 77 at 3]. These grievances are more appropriately raised in a Section 1983 civil suit as opposed to in a motion

requesting compassionate release. *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *5 (6th Cir. Apr. 14, 2022). In sum, none of Defendant's arguments establish extraordinary and compelling reasons for compassionate release.

### B. 18 U.S.C. § 3553(a) Factors

Even if Defendant demonstrated extraordinary and compelling reasons for her release, her motion fails for another reason: the relevant § 3553(a) factors weigh against granting relief. Relevant § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). District courts "need not engage in lengthy discussions of the § 3553(a) factors" when determining whether they support a request for compassionate release. *United States v. Randall*, No. 23-5144, 2023 WL 6389604, at *3 (6th Cir. Oct. 2, 2023).

Defendant committed serious offenses. She transferred numerous firearms to an individual she knew to be a convicted felon, and she possessed a distribution-level quantity of methamphetamine. "To be sure, drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (citations omitted). These serious offenses warranted a serious sentence, one that would promote respect for the law and provide just punishment. At sentencing, the Court granted Defendant's motion for a variance and sentenced her to 28 months of imprisonment, which was less than half of the low end of her guideline range of 57 to 71 months. [Doc. 72 at 1, 3]. With this considerable variance, granting compassionate release would undermine § 3553(a)'s goals to promote respect for the law and provide just punishment for offenses as serious as the ones Defendant committed. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (affirming district court's decision finding

that the § 3553(a) factors weighed against compassionate release where the district court had already varied downward when imposing the defendant's sentence).

Defendant argues that her sentence has already served its deterrent effect and emphasizes her potential for post-conviction rehabilitation. [Doc. 77 at 2, 4]. The record does reflect that Defendant has enrolled in certain classes during her incarceration, and the Court finds these developments to be encouraging. [Doc. 87-5]. Still, the need to account for the seriousness of the offense, promote respect for the law, and provide just punishment weighs more heavily in the Court's view. Granting compassionate release from Defendant's already below-guideline sentence would undermine those § 3553(a) factors.

## IV.    CONCLUSION

Defendant has failed to establish extraordinary and compelling reasons to support her request for compassionate release, and the § 3553(a) factors counsel against granting her motion. Accordingly, Defendant's Pro Se Motion for Compassionate Release [Doc. 77] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**